Good morning, your honors. Donald Cook for Parole Agent Alberto Polito. The pre-trial conference order states, The foregoing admissions have been made by the parties and the parties having specified the foregoing issues of fact and law remaining to be litigated, this pre-trial conference order shall supersede the pleadings and govern the course of trial unless modified to prevent manifest injustice. That pre-trial conference order included Agent Polito's strict liability claim under California law 3342 of the Civil Code and on the day of trial he was not allowed to try the claim. It's pretty straightforward. I would think looking at the pre-trial conference order signed off by the parties, signed by Judge Reel, should be allowed to try. No objections by the city? No objections by the city. None whatsoever. The first time it came up was at the day of trial when I raised the issue and Judge Reel said, Well, I denied your motion to amend. You're not going to be allowed to try that claim. Now it's true he denied the motion to amend, but it's also true some months later with the consent of defense counsel, we had the 3342 claim in the lawsuit. Let's stop right there. Complaints filed, you moved to amend to include the claim and also to dismiss the 1983 as I remember. And later, whatever transaction happened, you had to work up your pre-trial order. Counsel worked up the pre-trial order and at that point before the judge got involved, even though you slipped in this new cause of action, the counsel didn't say anything. They went to the judge and said, Judge, we can't do this. He just signed off on the order. That's correct. I have to say something about your Honor's comment about I slipped it in. I put it in the pre-trial conference order. They had it. They reviewed it. They signed off upon it. No objection. No comment. No statement. No nothing. I apologize for my characterization. No, but I just... What I mean is that it seems interesting that the fact is that you tried to amend. The judge says no, but you prepared the pre-trial order. Now whether counsel didn't care, didn't see it or whatever, it then comes to the judge who signs off. Again, the judge probably didn't have the file in front of him, so he signed off on the order. Now, at the time that it raised, nobody stood up and said, Oh, wait a minute. Wait a minute. None of us knew this was happening. Wait a minute. Everybody, all they said, sat back and let Judge Reel go ahead and say, I denied you the right to amend the complaint. And here it is in the pre-trial order, but I denied it, so I'm not going to allow it. Yeah, I mean, that's what happened. Now, I suspect what was going on is Judge Reel realized, whoops, this is a claim, the strict liability, that doesn't require this... I mean, assuming Judge Reel was right on this evidentiary issue about expert testimony. I mean, it's a strict liability offense. We don't ever talk about expert testimony in terms of the liability issue, and he'll be able to try this claim and has a pretty good shot at prevailing on it, I would submit, and that's why he decided to kick it. Now, that is not a reason to kick it, but I submit that may have been the reason. Well, I'm going a little even more basic than that. It seems as though that what Judge Reel could have said, or somebody could have said, gee, there was an error in the pre-trial order. Let's talk about this. They didn't do that. Instead, he just went back and said, I'm not going to amend the complaint. They told you they couldn't. Yeah. They never said a word. Even at the hearing, the first day of trial, it was Judge Reel saying, well, I denied your motion to amend. Therefore, you cannot go forward on your 3342 claim. Now, so it's basic, really. Should the pre-trial conference order control? You would think it would. I would certainly feel like I would be in a losing position were the roles reversed, and it was a plaintiff in this case seeking to bring in a claim that was not in a pre-trial conference order. I don't have any doubt as to what a court of appeal, what this court would do if that was the issue. Now, really, the failure to let us go forward, to let Agent Plato go forward on a 3342 claim disposes of the whole motion to leave to amend, right? Because, I mean, that should have been granted for reasons that set forth in the brief. Just to satisfy my curiosity, what if Judge Reel at that point would have said, wait a minute, I didn't read that pre-trial order carefully enough. I told you once, because I denied your motion to amend, that we were not going to hear the strict liability, and I think the pre-trial order was in error, so we're going to amend that pre-trial order right now. Then that issue would be before us, I assume. Yeah, and of course, my argument then would be, that's a due process violation. I mean, I think a plaintiff is entitled to assume, reasonably, that when a judge signs an order, that the judge read the order. Just like it was reasonable for me to assume that when Alyssa Gundel's attorney signed off on the order, that she had read the order. And then to be told at the day of trial, well, that was all a mistake, it would be a due process violation. I think that's true even when the order contains something that the judge says is not going to be part of the case. Isn't he entitled to assume you have drafted the order, and they have signed off on it, in a way consistent with his rulings to that point? Well, it's not an issue, because when you have a claim here, where the judge reads the order, the proposed order, before he signs it, he can see that, well, defense counsel now agrees to it. Defense counsel has signed off on it. It's not unreasonable for a judge to simply say, well, you know, attorneys can change their mind. The defense counsel is not objecting. Originally, of course, defendants objected to the, opposed the motion to amend. The judge, I would submit, would sign off on it. And I suspect that's why Judge Reel signed off on it. He saw that all the attorneys signed off on it. They didn't have any problem with the legal claims. Yeah, but there's nothing in the record on that, because we're stuck with the pure legal issue. Does the pretrial order supersede, as it states, all prior pleadings? I would say Judge Reel says it supersedes the pleadings. Agent Polito was entitled to rely on Judge Reel's statement, and it was patently unfair and a violation of his rights to try his claims, to have it yanked away from him on the day of trial. Now, as I say, sub silentio, I think I know what's going on here. It's not in the record expressly, but I suspect that that was part of the reason. But the fact is, if there was a problem with the pretrial conference order for that claim to be in there, you expect Al Segundo's attorney to raise it. And if she didn't raise it because she was asleep at the switch, that's not a basis for modifying the pretrial conference order. Because I'm entitled, Agent Polito is entitled, to rely on the judge's signature and counsel's signature. With that rationale, I would assume also that if you had not put it in your pretrial order, but you started out your case, you started bringing evidence in relative to strict liability, and counsel didn't object and the judge let it go in, it would be the same thing. Sure. You could, at that point, you might have to amend to conform to proof, and of course the rationale would be... You could move to amend to conform to proof, but if it came in, it came in. Yeah, it came in, there was no objection, and then of course the rationale is, well, there's no prejudice and you can amend to conform to proof, not a problem. But here, as I say, the record is patently clear. It was an issue to be tried. Counsel had signed off on it, should have been allowed to try it. Now, as I say, the motion for leave to amend, but plaintiff prevails on a 3342 claim, that issue becomes moot. I would just say the motion should have obviously have been granted. Five months in the case, no scheduling conference. Counsel, do you want us, what is it that you want us to do? You want to tell the judge that he has to allow the pretrial conference order to go forward? Has to allow the 3342 claim to go forward. Well, what if we sent this back to the judge, and we obviously made a mistake, and he says, fine, since I'm going to amend the pretrial conference order, and I'm going to strike that paragraph? Then the... Are we right back up here? We would be right back here. Okay, so what's the real problem here? Is the real problem here the motion to amend? The problem is we're not allowed to try the 3342 claim. I mean, apparently Judge did allow plaintiff to finally drop the federal claim, the 1983 claim. We tried to do that in the motion to amend, and defendants opposed it. They said it would be prejudiced if plaintiff dropped the legal claim against them. Kind of an unusual position for a defendant to take, but that was their claim. But he did let us drop the 1983 claim. No one objected when I admitted it. When you tried to drop the 1983 claim, did you simultaneously argue that that would deprive the court of jurisdiction? I never raised that argument. That wasn't a claim that Al Segundo made. They wanted the case... They had removed the case to federal court, which is their right. I'm not objecting to that. They have a right to... But you had originally filed in federal court, and then you... I filed in... And then you didn't serve the complaint. I filed in federal court, drew Judge real, did not serve the complaint, filed another complaint in state court, as is expressly permitted by the statute. They argue it's unethical about it. Of course, it's not unethical for them to remove a complaint from state court to federal court, but it's unethical if plaintiff, after filing in federal court, files in state court. But as I said, I was prepared to go to trial on the state claims in front of Judge real. Judge real decides you're not going to be trying a 3342 claim. I'm not going to let you go forward on your negligence claim because you don't have an expert. I've got a case where a man is standing still. A law enforcement officer gets attacked by a dog. The dog won't come off in response to verbal commands. You don't need to be an expert to figure out that there is something wrong with that dog or its training or both. And I should have been allowed to go forward on a negligence claim. But what would have happened if you had refiled your complaint in state court after the district judge had announced that he was not going to let that claim be part of the case? Well, I would have had a statute of limitations problem, possibly, because by that time the statute for state law claims, which is really controlled by administrative code, the government So it really wasn't a choice. Underlying some of this is, why did Judge real keep the case? Even though it was obvious from the day I filed the motion to amend that plaintiff would not go forward on a federal case, probably Judge real thought I didn't want to be in front of him and he was going to make sure that I would stay in front of him and try the case. Now that's not on the record in any place, but maybe that's what was going on from Judge real's standpoint. It is somewhat unusual for a federal court to keep a case like this that had only state law claims from plaintiff's standpoint and want to see it through trial. But in any event, if Judge real wants to see it through trial, then he has to let plaintiff try his state law 3342 claim and his negligence claim. You don't need an expert in this case. When you've got a dog attacking a parole agent who's standing still and then the dog won't come off when the handler is giving commands, verbal commands, you don't need an expert to figure out there's something wrong with the dog or the training or both. And we know who's responsible for the dog and its training and the handler's training. It's David Reaver, represented by Mr. Dingman on my far right, and of course Al Segundo. So we should have been allowed to go forward. I had the evidence. I had other law enforcement officers and civilians who have been attacked by the dogs that this man trains. People standing still. Dogs won't come off. I think a jury hearing that evidence could very well figure out that there's something wrong with how these dogs are trained. This isn't what should be happening. Dogs shouldn't be attacking and biting non-suspects, law enforcement officers. Dogs should come off when they're told to come off and they don't come off. I had the evidence. Should have been allowed to permit it. Should have been allowed to go forward with a negligence claim. I don't have anything further to add. You're certainly welcome to save your time. It still remains your time, but you can just use it on rebuttal. Yes. Thank you. Good morning. Michael Archipizzi of counsel with Jones and Mayer on behalf of the city of Al Segundo and the two police officer defendants, Chief Waite and the officer. Mr. Chief Justice, Judge Coleman, Judge Bonetti, if it might please the court. Thank you. Mrs. Pfeffer was looking forward to arguing the case before this court, but she was deprived of that opportunity. She was appointed to the Los Angeles bench in August. And unfortunately, I don't have the background with respect to this case to show from the beginning that helps to see how the house is built. But I think it's quite apparent from the record that's before the court that Judge Reel properly denied the motion to amend the complaint. He did make a finding that there was forum shopping, and I think the record amply establishes that. How come it's the addition of the 3342? Is this a punitive measure? The judge says you've been forum shopping in my court. You obviously didn't want to have me as a judge. And so therefore I'm going to exact a penalty on you. You can't bring an additional state claim that could ordinarily just be folded in. He wasn't losing jurisdiction over the case. That's within his discretion to retain the case even when the 1983 action is dismissed. I can't answer what was going on in the judge's mind, but I can only point to the record, and he pointed out that there was forum shopping. I'm trying to figure out what the import of forum shopping is. What does forum shopping have to do with the judge exercising his discretion to turn down what appears to be the most logical claim that probably should have been brought in the complaint in the first place? And it's something that still could have been brought if he wanted to go back to the state court, as Judge Bowman pointed out, that he could have just dismissed it without prejudice and refiled. Well, I would submit, Your Honor, that the record indicates that the statute had not passed. There was an issue with respect to the statute. It was filed in early July, and Mrs. Pfeffer raised the question of whether the one-year statute applied or the new two-year statute that California had enacted for tort claims applied. Perhaps Mr. Cook has a martyr complex with respect to Judge Reel, but it still doesn't go to the question as to what does forum shopping have to do with a denial of a motion to amend a complaint? Well, he's dropping the federal cause of action that caused it to be in the federal court. Right, and under 1367, he has some discretion here as to whether he retains the state claims or whether he decides that it has to go back to state court. And I don't hear Mr. Cook arguing that it was an abuse of discretion for him to retain jurisdiction of the case. I don't hear that at issue here. So I'm still trying to figure out what the fact of forum shopping, let's assume that he's absolutely correct on that, has to do with an exercise of discretion to deny the motion to amend. It's injecting another state cause of action in something that was initially filed in the state and now dropping the federal cause of action should have been filed in the state. He's already filed a complaint twice, once in federal court, once in state court, and there should be an end to it. In addition, counsel did not appear at the hearing on his motion to amend the complaint. He didn't go there to support it. Is this the incident where he thought, where counsel alleged that he was told by somebody from Judge Reel's But with respect to the issue, there was not a statute of limitations problem. The event occurred in July and it was 20 months later in April of the year following that Judge Reel denied the motion to amend. But I would submit that it's really a straw horse, that it really doesn't matter. The pretrial conference order, contrary to counsel's representation, did not allow the CC3342 as a separate cause of action. And I would submit that Mr. Cook is trying to play fast and loose with the pretrial conference order, but with specific reference to the Appley's excerpt to the record, page 173, which is page 3 of the pretrial conference order. I'm sorry, page 172 of that pretrial conference order points out that the issues, the pleadings which raise the issues are the state complaint, court complaint for damages filed July 14th, 2003, and the answer to the complaint. I'm sorry, what are you reading from? Page 172 of the AER, which is page 2 of the pretrial conference order, lines 1 through 3. The pleadings which raise the issues are the state court complaint for damages and the answer to complaint, and the answer filed by the two defendants, Elsa Gundo and David Reaver. And plaintiff is proceeding on state law claims only. And the only reasonable inference to be drawn from that is that it's the state claims that are in the pleadings which raise the issues. Now, further on, on the next page, AER 173, at line 10, it does make reference to the fact that at trial, each plaintiff intends to prove the following legal claims against each defendant except where noted. Now that may be what he intended to prove, but it doesn't mean that it's going to be accepted by the judge or objections to what he intends to prove are not going to be made and sustained. And I would submit that when you look at the express language of this pretrial conference order, it does not allow what Mr. Cook would like to believe that it allows. And he was trying to slip in this 3342 as a separate cause of action, but Judge Reel refused, declined to do it. And there is that last portion of the pretrial conference order where it's the judge, Judge Reel reserves the opportunity to amend the, this order supersedes the pleadings and govern the course of trial unless modified to prevent manifest injustice. So the order which modified the pleadings incorporated the pleadings and made the pleadings the issues that were to be resolved by the court if the matter were to go forward with the trial. I say that the adding it to 3342 as a separate cause of action was meaningless because in addressing it under his 52.1 cause of action, under the guise of it being a violation of state law, having also in the pretrial order given up any claims to federal constitutional rights or federal statutory rights. He was proceeding in his 52.1B claim on the basis that the violation of state law was 3342. And I would submit that the fireman's rule absolutely would preclude any pursuit of liability against El Segundo or the chief or the officer because the fireman's rule as interpreted and applied in California absolutely precludes any recovery against a police officer by another police officer who is jointly engaged in an enforcement action. Aren't there some exceptions to that California rule? Well, there may be, your honor, but there certainly aren't as applied in this case. The controlling case is a state Supreme Court case. And forgive me, I know I'm not pronouncing it right. Calatayud versus state cited at page 26 of our opposition. And that involved two police officers that were involved, engaged in a tussle with another officer or with a suspect. And one of their guns went off injuring one of the officers. And they applied the fireman's rule. And so the question is, well, this is a dog bite case. Does it apply to this? Yes, it might be a little different. The dog bite statute 3342 seems to address questions of liability when you have peace officers involved. It seems to require proof of governmental written policy. I mean, there's sort of exceptions to exceptions to exceptions. If we were to get to the 3342, there's all kinds of questions as to what is covered and not covered under the statute. No question addressed below. But that particular question and the has been addressed by the California Court of Appeal. While the Calatayud case was pending in the Supreme Court, there was a case pending in the 4th District Court of Appeal, Farnham versus state. It's cited at page 28 of our opposition. And Farnham was a case involving a dog bite. And based upon the The Farnham case concluded that the fireman's rule precluded any recovery for any dog bite involving a joint operation of two police agencies. Believe in that one, it was the Highway Patrol and Orange answered in that case in that case because it was a two to one decision. The dissenting justice felt that 3342 applied and there could be discussed 3342. No, but the dissent did. But the dissent did. Yeah, Judge Justice Bedsworth did. But the majority does not address 3342 at all. How can we how can we find that to have answered the question squarely? Well, it's addressed in the opinion and they obviously had enough of the dissent who thought that the majority needed to address it. That's correct. But the majority certainly has an opportunity to comment if they feel it has any application or if it has any persuasive basis to join in the dissenter and make a rule by joining the dissent if they thought that it had any merit. So it's it's certainly part of that case. And I think the dissenting opinion shows that it was part of the record and part of the argument and part of the decision. And so we can't just ignore it. And Justice Bedsworth dissenting opinion is is no more as this court knows than a legal opinion. It's the law is so clear that there was no error in denying the plaintiff the opportunity to try the claim. That's correct, because I would point further, Your Honor, to the the AER, which contains some admitted facts on page 172 of the AER, which is also part of the pretrial conference order. The following facts are admitted and require no proof. Plaintiff, in the course of his duties as a parole agent for the state of California, was searching for a parolee whom he sought to take into custody. During the course of that search, plaintiff was bitten by a police dog owned by the city of El Segundo. The next paragraph, C, beginning at line 27, Officer Lehman and other El Segundo officers responded to a call for assistance by Department of Corrections parole agents, including plaintiff, to locate an arrest of parolee at large. So we have the identical factual situation here that was involved in the Farnham case, which involved a joint police operation and a police dog. So I would submit that and would ask that the court give deference to the Supreme Court and the Court of Appeal of the state of California in resolving a question of But in the reply brief, counsel for Mr. Polito goes on at length saying that he was sandbagged by this claim of the fireman's rule that was raised, he claims, for the first time in our opposition brief. And I only have to point out to this court that the complaint was filed. It's in the AER, page 90, and it's the 7th affirmative defense. Plaintiff herein is barred from recovery by reason of fact of the loss, expressly assumed the risk, and then paragraph 34, the fireman's rule. So he was put on notice in that issue. It also is mentioned in the pretrial conference order, page 174 of the AER, where in lines 5 through 8, it's pointed out that trial defendants intend to prove the following affirmative defenses. Claims are barred by the doctrine of primary assumption of the risk, and plaintiff's claims are barred by the fireman's rule. And I would submit that the admitted facts prove the existence of the fireman's rule and its application to this case. And even if this court were to consider the matter de novo, that it would be most appropriate. In fact, I suggest that the admitted facts and the pleadings and the two cases cited should be dispositive of the issue. Well, that seems to then, if you're going to rely on the That would kind of validate then that the pretrial order actually did provide for the fact that the plaintiff was going to go forward with the 3342 as provided in item number 8 in his And that would be the 3242 claim that was also provided for in the pretrial order. I point that out, Your Honor, on the basis of refuting his claim that he was sandbagged and was first apprised of that. Well, aside from the sandbag, the pretrial order either is good or not. So if we're arguing that the pretrial order shouldn't control, and then if we do that, we're still going to have to consider your defense that's specifically in the pretrial order to what was ever in the pretrial order, which was the 3342. No, I'm suggesting that the pretrial order should be given effect. But what I'm suggesting and pointing to the pretrial order itself to identify the fact that there is no approval by counsel for the defendant or by the judge to include a separate cause of action of 3342. Because of the statement that the pleadings which raise the issues are the state court complaint and the two answers. I understand. And so that is now part and parcel of the pretrial order. Yeah. And with respect to the one cause of action that would remain in the 52.1 and the plaintiff's assertion that the violation of law contemplated by 52.1b would not be considered in the pretrial order. It was a violation of 3342 that that disposes of that claim. And even if there had been the other claims such as he's requesting, that too would have been barred by the fireman's rule. Unless there's further questions, submit the matter. Thank you. Thank you. Counsel, you have consumed all of your time. You had 20 minutes for both of you. Were you not aware that you had 20 minutes per side and that. Okay. I will allow you a couple of minutes, but you've consumed all of your time. I'm sorry. I did not. I don't think you advised us up front that you were splitting oral argument time, so we had no reason to question you on it. No, we had not discussed it, and I had anticipated in the estimate that that would be consumed. I believe you started with 20 minutes, so you've taken your 20 minutes, which was all you were allotted for both of you. But we'll allow you to, Mr. Dingman, to have some time. Thank you. Thank you very much, and good morning, Your Honor. May it please the court, I'm Wally Dingman. I represent the defendants David Reber and Adler Horst International. First of all, Your Honor, perhaps there might be a way of giving me a little bit extra time if necessary, because I also am a cross-appellant with respect to the claims that Judge Real did not pay attention to the grounds or provide any ruling with respect to my sanctions request against Mr. Cook. Your Honor, just briefly, Mr. Cook and I have been battling over very similar claims concerning Mr. Reber and his business for over 17 years. That is why there are the allegations contained in my cross-appeal requesting sanctions against Mr. Cook for violating basically his responsibility to this court and to my client to not bring spurious and unnecessary claims. With respect to that motion, I believe the court did not pay attention to any ruling. In fact, he went outside of the grounds and said it's Rule 11, and therefore he wasn't even going to pay attention to it. I think if the court looks at the pleadings in support of the motion, you will see that there is at least a basis for the court to have paid attention to the claims and made some form of ruling. Additionally, this is a long-lasting problem. My approach for the last few years has been to try and convince Mr. Cook not to bring these spurious motions. The only way I can see to do it is to prove to the court that he is basically a vexatious attorney with respect to my client. Is that an issue in the appeal? Why are we going into this if it's not an issue? Is it an issue on appeal? It's my cross-appeal, Your Honor, of the judge's denial of my motion for sanctions against Mr. Cook. It goes to that basis. Counsel, if we were to agree with Mr. Cook that either the pretrial order governed here and should have been honored or he should have been given a right to amend his complaint, your motion for sanctions is moved at that point, isn't it? Yes, Your Honor. It would be at that point. I would have an opportunity to bring it again at the end of the case. Of course. Yes, Your Honor. Now, the other thing, Your Honor, is this. And this is the only point that really I'm in on with respect to this case other than my cross-appeal is the issue of whether or not the judge was correct in dismissing Mr. Polito's case because Mr. Cook chose and indicates that he intentionally chose not to select or designate an expert in this case. And the idea, the problem that I have is that Mr. Cook is here arguing facts to you, and he's only arguing one side of the facts, and that's not either a standard or a proper presentation. Your Honor, in this case, it is very clear, it should be very obvious to anyone that the professional negligence claim brought against my client, which is a claim of negligent training of a police service dog trainer, requires the assistance of an expert witness. Counsel, does the question of the expert only go to Mr. Polito's negligence claim, or would it also go to a 3342 claim if that were an issue? Well, if on a 3342 claim, yes, contributory fault, negligence would be an issue, and I would believe, though, that you'd still have to go back to establish the standard of care for the trainer and then show a breach of the standard of care. And then besides that, you'd have to show causation, and none of those levels were ever even tested by the fact that there was an expert available to do it. What standard do we use for determining whether or not an expert is required? The provision of an expert or a battle of the experts might be a question of the weight of the evidence, but I can certainly imagine a case in which Mr. Polito might choose not, for whatever reason, not to put on an expert, and you might bring in a whole parade of experts testifying this is what's done all across the country, and that might go to the persuasiveness of the case. But why would it go to the question as to whether or not you could advance the claim at all? Well, Mr. Cook argues that this is within the common knowledge of any juror, and that's really the only exception when the subject matter is such that it requires, under the federal evidence code, requires expert testimony for the jury to understand it. He makes references in his brief to things which actually support the conclusion that you need an expert. He says things like, it doesn't take a rocket scientist to know that the handler messed up, and in fact I think he used that argument here today, messed up. What does that mean? Something was wrong with the training of this dog. What does that mean? It is very obviously, Your Honor, outside of the common experience of most people who end up on a jury, what is the appropriate standard of care for the training of police service dogs? What's appropriate training? How is the training accomplished so that the issues of negligence can be dealt with? That's a threshold issue that was never even established in this case and could not have been without the use of an expert. How was that claim disposed of by Judge Reel? Remind me again. The negligence claim? Yeah. Judge Reel started with my first motion in Lemony and the city's first motion, which was to exclude expert witness testimony because Mr. Cook had not designated an expert. Mr. Cook was asked if that was correct, and he indicated it was, and Judge Reel said, well, then you can't prove your causation. You can't make your standard of care. You can't prove anything about the negligence claim. It's dismissed, and that occurred within, I would say, four minutes of starting the trial, and at that point, there was nothing else left to discuss. Again, so what's the legal standard here? What is it that Judge Reel was guiding himself by, and what rule is it that tells us that we have to have an expert here? Is it a rule of evidence? Is it a rule of procedure? I don't know that it's a rule of evidence. I think it's almost a rule of common sense, Your Honor, in that. Are we reviewing this for abuse of discretion? Are we reviewing this as a matter of law? Well, as far as I'm concerned, the judge did everything correct. Well, what standard are you urging us to review Judge Reel's decision by? Well, I think it would be an abuse of discretion because he dismissed. So it's within the district court's discretion to demand an expert? To dismiss the case because. . . Because no expert has been designated. Because the fact that no expert has been designated makes it impossible for the plaintiff to proceed with his claim, and the only claim against Mr. Reber. . . I find that very interesting. Suppose, and I don't know what his evidence was, he's going to bring on witnesses. You at that point can challenge the competency of their testimony, the relevance of the testimony. But how can you preclude him from bringing on a witness that would testify to something that may or may not be expert testimony? Well, first of all. . . You're precluding him from bringing on his witnesses. You're going to challenge those witnesses. How can you even stop him from bringing a witness on? It's only expert witnesses, Your Honor, and the court requires that he designate those experts if he's going to bring them. And the court found that. . . He didn't say he was going to bring them. He's going to bring a witness, just a witness. But you've precluded him from even bringing that witness by saying that Judge Real was right, saying you don't have any expert witnesses, so he can't bring any witnesses. Well, and that's correct. Otherwise, you would allow. . . Because. . . It's correct because. . . Because the court. . . The pretrial order said no expert testimony, no expert even lay opinion concerning. . . But that goes into Judge Bybee's question. Why does he need an expert? What requires under law the fact that he needs an expert to bring the claim? I'm not saying the claim is going to succeed or even that the witness will ever testify. But what precludes him from putting a witness on the stand so you can challenge that witness? Nothing precluded him from putting any witnesses on the stand. He certainly did because Judge Real said he can't bring the claim. He said he couldn't prove the claim. He made a finding that he couldn't prove the claim. And breach, and perhaps even duty, without an expert witness. So that's an error of law, I believe. In which case, we'd review it de novo rather than for an abuse of discretion. That's fine, Your Honor. I'm sorry. I mean, that's what I was trying to get at. What were the proceedings? Proceedings of motion limit. He said you can't prove your claim. You can't prove causation. It's an error of law. Because you didn't put any evidence on. You can't prove it. It's an error of law, I think. I'll accept that, Your Honor. Is there anything else? I think we understand, Counsel. Thank you very much. Thank you, Your Honor. This fireman's rule argument, it was never raised. When I mean raised in the court below, I mean by whether a 12B6 motion or Rule 56 motion. It was in the answer, right? Correct. It was in the answer. It was never raised or argued. And the point is, the first time it's being argued is here before this court as if it's a summary judgment motion. Which means my client does not have the opportunity to come in and present the factual record that shows that the fireman's rule would not apply. I mean, this is, I would submit, a classic example of where the rule of appeal has to be applied where issues not raised in the court below is not going to be considered by the appellate court. As I understand it, unless you went forward with your claims anyway, the fireman's rule wouldn't be relevant, I guess. He's raised his defense, so. I mean, it's a defense. I would have, I would submit evidence that shows that the fireman's rule. That's fine, but for our purposes, it's a defense. So, if you don't allow the claim, what's a substantive defense? Yeah. I'll go on to the next issue. I mean, I don't think, anyway. The motion to amend. The case, it was removed in November of 2003. The motion to amend was heard in March of 04, roughly five months later. Denied. There's no scheduling conference, no cutoff date. It had even been set for amending the pleadings. That's an abuse of discretion. And this thing about me not being in the courtroom, I was in the courthouse. I later submitted the evidence to Judge Reel that my office, a declaration from my paralegal, the memo she wrote, my office got a phone call saying that I didn't need to appear. I was walking up to the second floor, 312 North Spring Street, when I got paged and I called the office saying he's going to take it under submission. Not surprising. It is a motion to amend, and I left. And that's in the record, and defense counsel knows it, and to insinuate that I just blew it off is just incorrect. 3342 claim. Just get some basic issues out of the way there. 3342 claim is only brought against the city of El Segundo. Why? It may only be brought against the owner of the dog. El Segundo owned the dog. Mr. Reaver does not own the dog. It was not alleged against Mr. Reaver. There is no standard of care issue at all under 3342 because it's a strict liability offense. The negligence claim, it is a denoble review standard because in effect, you can call it either a directed verdict or a granting summary judgment. Judge Reel says, as a matter of law, you can't go forward on your negligence claim. It had to be a matter of law because neither of you submitted any evidence about the issue. You just said, you can't prove it, I'm knocking out the claim. It might be a directed verdict. That's correct. In fact, I had to stop and not stop, ask to be able to make an offer of proof as to what my evidence would show, which I did at that page 229-230. Where I said, I'm bringing this evidence to show what happened here with Mr. Polito was no aberration. That this is how these dogs that he trains respond. That is, they attack motionless people. They attack sobbing crime victims. They attack other law enforcement officers. And then the handlers are trying to get them off, and they won't come off. I was prepared to bring in those witnesses to testify, and I made that an offer of proof, and his ruling stood. So it's a denoble review. But that goes back, your offer of proof, that argument troubled me because we still have to go up to the top and find out whether handling of dogs is such an activity, such as medical, that requires experts. So we're going to have to look at what Judge Reel did in what context. Sure. Forget about your offer of proof, because if you want to go to that, then we'd have to look at your offer of proof and say, well, that doesn't look too much like expert testimony, or it does look like it. I don't know. What do we have to look at? What the claim was, what you have to look at is what Agent Polito testified happened with him. No, no, I'm talking about his ruling. His ruling is simply... His ruling says, you don't have an expert, you can't bring your claim. His ruling was, you must have an expert to prove negligence in the training of the dog. What kind of claims are mandatory to have experts so that they can be pled and tried? I think the rule is where it's beyond the ability of a layperson to understand the wrongful act. An example, if we're talking brain surgery, and there's a failure to perform a particular kind of procedure in the course of the operation, that's not the kind of information that a layperson would be aware of. Therefore, you're going to need a doctor qualified in the area to opine on what the procedure should have been and what the consequences were of the procedure. What does a layperson know about training dogs and conducting dogs in a field situation for police purposes? What a layperson knows is that when you give a command for the dog to stop biting, the dog is supposed to stop biting. Is this a race epsiloquist kind of argument? You can't do a medical malpractice if you left a scalpel inside a patient. We don't need an expert to come and tell us that. We don't usually do that. I would say it is. There is plainly a problem with the dog's and or the handler's training, because the dog did not come off. Those are plaintiff's facts. Who's responsible for the training? It's Mr. Reaver and Al Segundo, not Agent Pulido. There's a problem in the training. At that point, the jury does not need to know the particulars, the specifics, just exactly how the training broke down or where it went astray or how they missed the problem with this particular dog.  The dog comes in here and starts attacking us. We know we've got a wild dog in here, and that's a problem. We don't know what made it wild. We don't know if it was conditioned that way or if it was just one of those things. But all of us would know that dog is wild and has to be stopped. Similar here. The dog attacked, shouldn't have attacked, and then the handler couldn't get the dog off. And we all know it's supposed to be a trained police dog. At that point, there's a problem in the training, and plaintiff's case is met. That would be my position. And as I understand it, you didn't identify expert witnesses, but the defense did. Al Segundo identified an expert, and Mr. Reaver may have identified himself as an expert. I was actually going to call Mr. Reaver as an adverse witness and to have him testify about how the dogs are supposed to respond. And I put this in the offer of proof. The dogs are supposed to respond a certain way. And then we had the agent's testimony as to what the dog did. We had the bystander's testimony. And my argument to the jury was going to be, this is what Mr. Reaver says, this is what the dog did. Folks, the dog wasn't properly, adequately trained. I also had, and I put this in the offer of proof, the wiki, the Al Segundo expert. I had his testimony from another case where he said, yeah, those dogs have to respond immediately to a verbal call-off command. No exceptions. This is a case, he said that in a case where a Reaver dog attacked, severely injured a sobbing crime victim, and the dog wouldn't come off. But isn't that expert testimony that you're proposing? Well, if Al Segundo put him up on the stand, I was going to elicit that. I mean, sure, it's expert testimony. It's not that I had to have it, but it's a good little nugget that I happened to have because of who Al Segundo was calling. What I'm saying is, I had all this evidence. I had it in the offer of proof. From that evidence, it's a matter of law. You don't need, you don't have to have an expert. Sure, I could have brought in an expert, but I wasn't required to have an expert, not given these particular facts. This is more like leaving the surgical clamp inside the belly of a patient you've operated on. Do you need a doctor to come in and say, yes, we have training in school that says don't do that? Well, I'm not, I think it's an argument, but it seems to me that when you're handling dogs in the field, there's a lot of variables here. And it sounds like to me what you're saying is let me put my witness on, then I'm going to take their experts on cross and make my case. That's a little tough for me to look at because I'm not too sure dogs are, are animals and they're trained to do certain things, and you've got field conditions, and you're going to rely on cross-examination to get to their witnesses, you're saying. Well, what I'm relying on first is what my witness said, what other bite victims say, what happened to them, which parallels to a T what Agent Polito said happened to him, standing still, attacked by the dog, and then the handler can't get the dog off except by wrestling, physically wrestling the dog off. Then I had David Reaver's... Except the resipsa right there, dog is being handled, dog bites on, dog won't release resipsa, is that it? And it's supposed to be a trained police dog. That's correct. Then I have David Reaver's admissions, and he's a party opponent, and I submit it's error here to have done what Judge Real done because at first you're going to have to hear the evidence. Because it may be upon hearing the evidence, yes, this is a case where under Rule FRE 702 you don't have to have an expert. Or it may be, maybe you do need to have an expert because Plankton's evidence hasn't risen to the level. What Judge Real did, he wouldn't even hear any of that evidence, and that's the error. That's the error of law. Anything further, counsel? Nothing further. Thank you. Thank you very much. The matter stands submitted, and the court will take a brief recess. All rise for the standing witness.
judges: Brunetti, Bybee, Bowman